**No. 51199.**—Protest 948866–G of Strauss-Eckardt Co. (Norfolk).

Opinion by KEEFE, J. It was stipulated that the merchandise consists of bonbon dishes the same in all material respects as those the subject of *United States* v. *Butler Bros.* (33 C. C. P. A. 22, C. A. D. 310). In accordance therewith the merchandise was held properly dutiable at 70 percent under paragraph 212 without the additional assessment of 10 cents per dozen pieces.

**No. 51200.**—Protests 79806–K, etc., of Geo. J. Higginson et al. (Baltimore).

Opinion by KEEFE, J. It was stipulated that the merchandise consists of oatmeal or oatmeal saucers and chowder cups, or puree cups the same in all material respects as those passed upon in *Copeland & Thompson, Inc.* v. *United States* (12 Cust. Ct. 85, C. D. 833) and *Johnson Bros.* v. *United States* (15 id. 113, C. D. 955). In accordance therewith the merchandise was held dutiable as claimed.

**No. 51201.**—Protest 62986–K of Eric Shrubsole (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on the entry. The protest was sustained to this extent.

**No. 51202.**—Protests 124618–K, etc., of Excelsior Merchandising Corp. et al. (New York).

Opinion by EKWALL, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.